IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

ALLSCRIPTS HEALTHCARE, LLC, )
a North Carolina Limited Liability )
Company, )
        Petitioner, )
            )  Civil Action No.
  vs. )
            )
NORTHWEST ASTHMA ALLERGY )
CENTER, P.C., )
an Oregon Professional Corporation, )
            )
        Respondent.

**PETITION FOR ORDER DIRECTING ARBITRATION
PURSUANT TO THE FEDERAL ARBITRATION ACT**

  Petitioner, Allscripts Healthcare, LLC (hereinafter "Petitioner"), hereby petitions this Court for an Order pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, directing Northwest Asthma Allergy Center, P.C., (hereinafter "Respondent") to proceed in this judicial district with arbitration in accordance with the terms of the August 23, 2010 Master Agreement (hereinafter "Master Agreement") entered into between Petitioner and Respondent.

  In support of this Petition, Petitioners respectfully show the Court as follows:

**PARTIES**

  1. Petitioner Allscripts Healthcare, LLC is a limited liability company organized and existing under the laws of the State of North Carolina with a principal place of business in Raleigh, Wake County, North Carolina. Allscripts Healthcare, LLC was formerly known as AllscriptsMisys, LLC.

2. Respondent Northwest Asthma Allergy Center, P.C. is, upon information and belief, a professional corporation organized and existing under the laws of the State of Oregon, with a principal place of business in Oregon.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §1332 because this is a civil matter between citizens of different states wherein the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Respondent because Respondent entered into the Master Agreement with Petitioner, a resident of this State, and agreed therein that any disputes would be resolved by binding arbitration in Raleigh, North Carolina. In violation of the written arbitration agreement, Respondent instituted an action against Petitioners in the Circuit Court of Oregon for Multnomah County.

5. Venue is appropriate in the Eastern District of North Carolina pursuant to 28 U.S.C. §1391 because the Master Agreement requires that disputes about the respective rights and obligations of the parties under the Master Agreement be resolved by binding arbitration in Raleigh, North Carolina within this judicial district, and Respondent is subject to personal jurisdiction in this district due to having entered into the arbitration agreement with Respondent.

6. Assignment of this case to the Western Division is appropriate pursuant to Local Rule 40.1 because Petitioner maintains its principal office in Raleigh, Wake County, and because the Master Agreement provides for arbitration in Raleigh, within the Western Division of this judicial district.

## FACTS SUPPORTING PETITION TO COMPEL ARBITRATION

7. On or about August 23, 2010, Respondent entered into a Master Agreement ("Master Agreement") with Petitioner. A true and accurate copy of certain relevant portions of the Master Agreement is attached hereto as Exhibit A. Exhibit A is redacted because of confidentiality provisions contained in that document. Respondent, upon information and belief, is in possession of a copy of the full Master Agreement, and a full copy will be filed under seal with the Court at an appropriate time, as necessary.

8. In the Master Agreement, Respondent expressly agreed to binding arbitration. Specifically, Section 15.6 of the Master Agreement requires that "any dispute arising out of, or in connection with, this Agreement shall be finally settled by binding arbitration in Raleigh, NC under the then-existing rules and procedures of the American Arbitration Association by one (1) arbitrator appointed by the American Arbitration Association."

9. The parties' written agreement to arbitrate is valid and enforceable and requires Respondent to submit to binding arbitration all of Petitioner's and Respondent's rights and obligations under the Master Agreement.

10. Petitioner and Respondent have a dispute arising out of and in connection with the Master Agreement. Respondent filed a lawsuit on or about August 6, 2011, in the Circuit Court of the State of Oregon for Multnomah County alleging claims for fraud, intentional and negligent misrepresentations, and uniform trade practices with regard to the Master Agreement and seeking damages (hereinafter, the "Lawsuit"). A true and accurate copy of the Complaint in the Lawsuit is attached hereto as Exhibit B. The Lawsuit has been removed to the United States District Court for the District of Oregon,

where it is currently pending. Petitioner intends to file a motion to stay that action in that court pending arbitration, pursuant to Section 3 of the FAA, 9 U.S.C. § 3, shortly after this Petition is filed.

11. The Lawsuit in its entirety, including all claims therein, is a dispute covered by Respondent's valid and enforceable duty to arbitrate, because it arises out of, and is in connection with, the parties' Master Agreement.

12. To date, Respondent has not initiated arbitration proceedings against Petitioner, and continues to press its alleged claims in the Lawsuit filed by Respondent in Oregon. Respondent has resisted arbitration, and has refused to comply with the arbitration contract.

13. Petitioners are entitled under Section 4 of the Federal Arbitration Act to an Order directing Respondent to proceed in Raleigh with binding arbitration of all of the Respondent's claims.

## PETITION TO COMPEL ARBITRATION

14. Petitioner incorporates by reference the allegations in Paragraphs 1 through 14 of this Petition as though set forth fully herein.

15. Section 4 of the Federal Arbitration Act (9 U.S.C. § 4) provides in pertinent part that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to

> comply therewith is not in issue, the court shall make an
> order directing the parties to proceed to arbitration in
> accordance with the terms of the agreement. The hearing
> and proceedings, under such agreement, shall be within the
> district in which the petition for an order directing such
> arbitration is filed.

16. This Court would have jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, save for the arbitration provisions in the Master Agreement.

17. Respondent's failure to comply with the arbitration provision of the Master Agreement evidences its "failure, neglect or refusal" to comply with the arbitration agreement.

18. Petitioner is aggrieved by Respondent's failure, neglect or refusal to arbitrate in accordance with the terms of the Master Agreement.

19. There is no dispute concerning the making of the agreement for arbitration and the Lawsuit filed in Oregon asserts no allegations specifically calling into question the arbitration provisions in the Master Agreement.

20. For the foregoing reasons, Petitioners are entitled to an Order under Section 4 of the Federal Arbitration Act directing that Respondent proceed in this judicial district with arbitration in the manner provided for in the Master Agreement, and directing that such arbitration be held in Raleigh.

WHEREFORE, Petitioner Allscripts Healthcare, LLC respectfully prays:

1. That the Court enter an Order directing Respondent to proceed with its claims against Petitioner arising out of or in connection with the parties' Master Agreement, including but not limited to all the claims set forth in the Lawsuit, through

arbitration under the American Arbitration Association rules in Raleigh, North Carolina; and

    2.    For such other and further relief as the Court deems just and appropriate.

This the 11th day of November, 2011.

        **WOOD JACKSON PLLC**

        */s/ W. Swain Wood*
        W. Swain Wood
        (NC Bar No. 32037)
        swood@woodjackson.com
        J. Christopher Jackson
        (NC Bar No. 26916)
        cjackson@woodjackson.com
        J. Gary Eichelberger, Jr.
        (NC Bar No. 37633)
        geichelberger@woodjackson.com
        1330 St. Mary's Street, Suite 460
        Raleigh, NC 27605
        (919) 829-7394
        (919) 829-7396 (fax)

        **ATTORNEYS FOR PETITIONER**
        **ALLSCRIPTS HEALTHCARE, LLC**